

| | | |
|---|---|---|
| Cowan, DeBaets, Abrahams & Sheppard LLP | 41 Madison Avenue<br>New York, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Eleanor M. Lackman<br>212 974 7474 ext. 1958<br>ELackman@cdas.com |

May 24, 2018

**VIA CM/ECF**
Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

Re:   <u>Michael Grecco Prods., Inc. v. BuzzFeed, Inc.</u>, Case No. 1:18 Civ. 02232 (S.D.N.Y.)

Dear Judge Woods:

We represent defendant BuzzFeed, Inc. ("BuzzFeed") in the above-captioned action, and write pursuant to Rule 2(C) of Your Honor's Individual Rules to request a pre-motion conference concerning BuzzFeed's intended motion to dismiss plaintiff Michael Grecco Productions, Inc.'s ("Plaintiff") Complaint (Dkt. No. 1).  As previewed below, there are several issues with the Complaint, which should be trimmed to include only claims that pass the pleading requirements.

This is an action for copyright infringement involving fifteen images ("Images") allegedly taken by photographer Michael Grecco and owned by Plaintiff, the entity which "meticulously protects" Grecco's intellectual property. Cplt. ¶¶ 1-3, 13-19.  Plaintiff alleges that BuzzFeed featured 17 articles ("Articles") on its website, buzzfeed.com, containing one or more Images without permission. *Id.* ¶¶ 22, 26-34.  The Complaint acknowledges that many of these Articles, including the Images therein, were posted by third-party contributors to BuzzFeed's "Community" page (sometimes referred to as "Community Posts") (*see infra* n. 2), and that a majority were posted over three years ago (*see infra* n. 5), but nevertheless asserts claims of direct and secondary copyright infringement against BuzzFeed (Cplt. ¶¶ 46-49, ¶¶ 50-54).  As set forth below, the Complaint is deficient for many reasons, warranting dismissal in its entirety pursuant to Fed. R. 12(b)(6).[1]

**DMCA § 512(c) Safe Harbor.**  This is a classic case that falls within a safe harbor that has existed in the law for 20 years.  The DMCA § 512(c) safe harbor provides that eligible service providers are not liable for "infringement of copyright *by reason of the storage at the direction of a user* of material that resides on a system or network controlled or operated by or for the service provider."  This is what the Community platform offers: Plaintiff alleges that 10 Images were used solely in Community Posts,[2] and two uses of "X-Files Image 1" were in Community Posts, too (Cplt. ¶ 31).[3]

BuzzFeed, an undisputed "service provider" (*see Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 39 (2d Cir. 2012)), satisfies the threshold requirements for safe harbor protection under § 512(i)(1), and in fact, has a DMCA-compliant policy in place.[4]

---

[1] As indicated below, and as will be explained in greater detail if full briefing is permitted, each instance of alleged infringement in the Complaint should be dismissed for at least one of the reasons discussed herein.

[2] These Images are:  the "Morgan Freeman Image" (Cplt. ¶ 26(a)); "Jonny Depp Image" (*id.* ¶ 28(a)); six "Joaquin Phoenix Images" (*id.* ¶ 30(a)); and "X-Files Images 3 and 4" (*id.* ¶ 33(a)).

[3] BuzzFeed notes that "X-Files Image 2" was used in an Article on the BuzzFeed Community page, but Plaintiff alleges it was posted by a "BuzzFeed Contributor" (Cplt. ¶ 32(a)), it is not regarded as a "Community Post" herein.

[4] The Court may take judicial notice of the fact that BuzzFeed has indeed adopted a DMCA-compliant policy, which is publicly available at buzzfeed.com/about/dmca.  *See, e.g., In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967,



Cowan, DeBaets, Abrahams & Sheppard LLP

Accepting the Complaint's allegations as true, BuzzFeed is covered by the safe harbor protection under § 512(c). Importantly, Plaintiff does not allege that it issued a DMCA-compliant takedown notice; its vague allegation that it "notified BuzzFeed of some of these infringements" (Cplt. ¶ 35) does not suffice. The "decision to forgo the DMCA notice protocol stripped [Plaintiff] of the most powerful evidence of a service provider's knowledge – actual notice of infringement from the copyright holder." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1021-22 (9th Cir. 2013). This dooms Plaintiff's apparent attempt to disqualify BuzzFeed from § 512(c)'s protection due to knowledge. Further, conclusory allegations, some made merely on information and belief, are insufficient to establish a plausible claim of actual or constructive knowledge. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

Accordingly, DMCA § 512(c) provides BuzzFeed with a complete defense against claims of copyright infringement arising from the use of Plaintiff's Images in Community Posts.

**Statute of Limitations Expired.** The Complaint should be dismissed insofar as it claims copyright infringement arising from use of the Images in the 11 Articles that were published before March 13, 2015.[5] Plaintiff's claims as to these Articles accrued more than three years before the filing of the Complaint, rendering them untimely under the applicable three-year statute of limitations. *See* 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) ("[A]n infringement is actionable within three years, and only three years, of its occurrence."). The Second Circuit applies the "discovery rule," which finds that a claim "accrues" when the "copyright holder discovers, or with due diligence should have discovered, the infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124-25 (2d Cir. 2014). Considering Plaintiff so "meticulously protects [Grecco's] intellectual property" (Cplt. ¶ 2), it must have discovered, or with due diligence should have discovered, the existence of these Articles much earlier.[6] Plaintiff does not explain why it instead slept on its rights.

Even if any the claims as to these Articles accrued within the three-year period, Plaintiff is not entitled to recover damages since each alleged act of infringement occurred more than three years before the Complaint was filed. Infringement requires volitional conduct. *See Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008). There is no allegation that BuzzFeed engaged in any volitional conduct as to these Articles at any point after their publication. Accordingly, Plaintiff's claims of copyright infringement are, in part, time-barred. *See, e.g.*, *Papazian v. Sony Music Entm't*, No. 16 Civ. 07911 (RJS), 2017 WL 4339662, at *4 (S.D.N.Y. Sept. 28, 2017).

**Lack of Standing.** The Complaint should be dismissed as to the "Evan Spiegel Image" and "X-Files Image 1" for lack of standing. The Complaint provides copyright registration information for these Images (Cplt. ¶¶ 17(b), 19(b)), but neither the certificate lists Plaintiff as the claimant. *See* Reg. Nos. VA 2,031,741, VAu 1-161-074. Because Plaintiff fails to sufficiently allege ownership of copyright

---

2010 WL 2541166, at *15 (S.D.N.Y. June 10, 2010) ("The Second Circuit, and several district courts in this Circuit, have found it appropriate to take judicial notice of the contents of a party's website for the fact of its publication").

[5] These Articles are identified in the Complaint at ¶¶ 26(a), 27, 28(a), 29, 30(a), 32(a)-(d), 33(a), 34.

[6] Plaintiff's conclusory allegation that it "discovered these infringements within the past three years, and/or the infringements have continued to occur during the past three years" (Cplt. ¶ 37) does not alter this result.


Case 1:18-cv-02232-GHW   Document 17   Filed 05/24/18   Page 3 of 3

Cowan,
DeBaets,
Abrahams &
Sheppard llp

Page 3

registrations for these Images, it lacks standing to assert infringement claims pertaining to them, and the Complaint must be dismissed insofar as it purports to do so. *See, e.g.*, *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 PAE, 2015 WL 6143737, at *3 (S.D.N.Y. Oct. 19, 2015) (dismissing infringement claim where plaintiff not listed as claimant). Relatedly, Reg. No. VA 1-431-698 purports to cover 1126 published photos – far more than the maximum allowed under a group registration, Compendium of U.S. Copyright Office Practices § 1116.1 (3d ed. 2017) (limited to 750) – and is therefore invalid. Plaintiff's infringement claim should therefore be dismissed as to "Gary Hart Image" and "X-Files Image 3."

**Statutory Damages Unavailable.** Plaintiff seeks statutory damages under 17 U.S.C. § 504(c). However, the Copyright Act clearly states that statutory damages are unavailable for infringement of a published work "commenced *after* the first publication of the work and *before* the effective date of its registration, unless such registration is made within three months after the first publication of the work;" or if unpublished, for infringement "commenced *before* the effective date of its registration." 17 U.S.C. §§ 412(1)-(2) (emphasis added). A review of the Complaint and the relevant copyright registrations[7] reveals that no statutory damages are available to Plaintiff in connection with the alleged infringements of "X-Files Image 1" and "X-Files Image 5," as they were featured in Articles posted after the Images' first publication and before their effective registration.[8] The same is true for use of the unpublished "Morgan Freeman Image" in an Article pre-dating its effective registration.[9] Moreover, to the extent (if any) that recovery of statutory damages is permitted as to other alleged infringements, Plaintiff would be entitled to a single award per group registration. *See, e.g.*, *Cullum v. Diamond A Hunting, Inc.*, 484 F. App'x 1000, 1002 (5th Cir. 2012) (holding collective registration of multiple photographs, each "constituting separate and independent works in themselves," supported a "ruling that the photographs comprise a single compilation" warranting one award of statutory damages). *See also Bryant v. Media Right Prods.*, 603 F.3d 135, 142 (2d Cir. 2010).

Respectfully submitted,

Eleanor M. Lackman

cc:   All counsel of record (via CM/ECF)
      BuzzFeed, Inc. (via e-mail)

---

[7] BuzzFeed may submit registrations referenced in the Complaint for consideration on a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (considering documents "integral" to complaint); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (same).

[8] Both registrations for X-Files Image 1 and X-Files Image 5 were made years after the Images' first publication.

[9] The "Morgan Freeman Image" was registered, as an unpublished work, on May 28, 2017 (Reg. No. VAu 630-623) and allegedly used in a May 2013 Article. *See* Cplt. ¶¶ 14(b), 26.